## LOUISIANA STATE PENITENTIARY
## ANGOLA, LOUISIANA

### ARP WITHDRAWAL FORM

RE:  Offender Name & Number: Gregory Jeanlouis

ARP #LSP- 2012 - 3049

I am voluntarily requesting to withdraw the above referenced request for remedy. I no longer wish to pursue this matter through the Administrative Remedy Procedure. I voluntarily make this request of my own free will, without coercion and without promise of reward.

121703

Offender's Signature & DOC #

WITNESS: _____ DATE: 10-17-12

WITNESS: _____ DATE: 10-17-12

121703
Gregory Jeanlouis
2012-3049

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2012 -3049

TO:  GREGORY JEANLOUIS 121703        TU U/C
     Offender's Name and Number       Living Quarters

        9/24/2012
     Date of Incident

X              ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
               issued within 40 days of this date.

               REJECTED:  Your request has been  rejected for the following reason(s):

        10/10/2012                              Trish Foster
          Date                          Warden's Signature or Designee

ADMINSTRATIVE  REMEDY

RECEIVED

SEP 2 7 2012

Legal Programs Department

THIS IS AN EMERGENCY REQUEST
FOR ADMINISTRATIVE REMEDY

GREGORY   JEANLOUIS    121703
_____    _____
Inmate's  Name                      DOC#

2012-3049
1404
class.outcamp

September 14, 2012
_____
Date of Incident | Complaint

Camp J, Gate 1R   @ 9:00 Am
_____
Place and Time of Incident | Complaint


Nature of Complaint
_____

Gregory Jeanlouis ("Jeanlouis" or "Com-
plainant") was sentenced on February 7,
1996, to serve a prison term of life
imprisonment without the benifit of parole,
probation or suspension of sentence (LWOP)
with the Department of Public Safety 4 Cor-
rections ("DPSC"), which sentence was
imposed the same date of his conviction
for the crime of second degree murder.

On this date, September 24, 2012, he
file this Emergency Request seeking im-
mediate release from custody at Camp J
Management Program ("Camp J") on the basis

9/24/2012                    7/8

that his Disciplinary Appeal, which was submitted to the Warden Office [N. Burl Cain] on July 3, 2012 and subsequently given the number DBA ALSP-2012-0349-W, was GRANTED on September 11, 2012.

On June 14, 2012, 3 disiciplinary reports were written against Jeanlouis, alleging he violated disciplinary rules prohibiting cursing an employee (Defiance) and disobeying direct verbal orders (Disobedience, Aggravated), when he was being escorted to the prison hospital by Lieutenant (Lt.) Cleveland Cannon. At the disciplinary hearing, Jeanlouis pleaded not guilty to all allegations (charges). After finding him guilty, the Disciplinary Board ("DB") sentenced him to custody/quarter change from Jaguar 1R (maximum security/extended lockdown) to Camp J and loss of eight (8) weeks canteen and yard privileges.

However, because two or more person (under color of law) between June 8 and June 28, 2012, conspired to injure, oppress, threaten and (among other things) intimidate him, in his free exercise of his right secured to him by the Constitution of the United States and the state of Louisiana to (seek) adequate medicare care to serious medical needs, compare 18 USC § 241 (con-

9/24/2012                    2/8

spiracy against rights) and 18 USC § 242
deprivation of rights under color of law),
on September 10, 2012, a Monday, Jeanlovis
filed a request for administrative remedy,
which is currently pending (case no N/A)."

Then, on September 13, 2012, three (3)
days later, he was brought before Quin-
tillis K Lawrence, a Commissioner with
the Nineteenth Judicial District (19th JDC)
for an Oral Argument (hearing via video
conference) in the suit for judicial review
[case no C600192-27] of the DPSC decision
in administrative record number ARP-LSP-
2008-3209 (date of incident 8-4-2008)(an
alleged debt of approx. $7,000.00). Later on
that evening, Jeanlovis signed the legal
log and received the said Appeal Decision
dated September 11, 2011, GRANTING his
disciplinary appeal, the same date, the
prison legal program department should
have received the aforementioned ARP
request dated September 10, 2012. In
considering the issues raised therein,
and based on an overall review of the
record, the Disciplinary Appeal Office GRANT-
ING the appeal, as the compulsory pro-
cedural requirements in the disciplinary
process were not followed.

In the instant case, Jeanlovis
9/24/2012                    3/8

complains that the appeal is granted, the reports will be expunged from his master record and the sentence voided, which included his custody/quarter change to Camp J Management Program. He contends that the underscore language contained within the Appeal Decision dated September 11, 2012, authorizes the (appropriate) Classification Review Officer for housing, custody and job placement similar to that which he held at the time of the incident, taking his subsequent conduct history into consideration. However, contrary to prison policy, <u>on September 14, 2012,</u> he (Jeanlouis) was placed on backlogged-sheet, the date after he was brought before Commissioner Quintillis K Lawrence and the same date, the legal program department was in receipt of his ARP request (dated Sept. 10, 2012), his receiving any other subsequent disciplinary report notwithstanding.

When an inmate (offender) is placed on backlog to be release from Camp J Management Program, it may take 2-4 months before he is release from this status. Matter of fact, there are offenders housed on Gator 2L and 2R, who has been backlog to be release from his status for as many as four (4)

9/24/2012        4/8

months. At the present time, there are as many as 40 to 50 inmates on the backlogged-list ahead of him (Jeanlouis) to be release from this status to maximum security/extended lockdown, Phased, another way, it could be months before he is release from Camp J to housing placement similar to that he held at the time of the incident, even completing the 6-month program, providing he isn't issue any subsequent disciplinary report, which is the functional-equivalent to not being granted an appeal. Therefore, similar to the disciplinary appeal herein being granted, as the compulsory procedural requirements in the disciplinary process were not followed, the compulsory procedural requirement for Jeanlouis' housing placement similar to that he held at the time of the incident is not being followed.

Thus, the Appeal being granted entitles Jeanlouis to immediate release from his Camp J status. As he explained in his Traveral to the Commissioner's finding in the suit for judicial review (LSA-RS. 15:1171 et seq) of the DPSC decision in administrative record ARP-LSP-2010-0206 (prison officials placing him in Adm Seg on Oct. 22, 2009, without reason, and subsequently

9/24/2012          5/8

transferring him to Camp J on Dec. 16, 2009) in suit no C 604 498-D, Camp J Management Program transfer is in a different category from any other type of administrative transfer within the institution. It's transfer carries sufficiently burdensome consequences attending the transfer to trigger the protections of the Due Process Clause even though Jaguar 7 Right/Extended Lockdown and Camp J are both maximum security housing areas. For one thing, the punishment works a fairly major change in Jeanlouis' conditions. Jeanlouis, coping with disabilities, including mental illness is being subject to (medical) neglect and abuse, and placed at greater risk by excessive heat at Camp J. Now see Tranverse to Commissioner's finding, pp 41-66. (submitted on September 4, 2012)

Jeanlouis also complains that he is being denied proper clothing at Camp J. It is been 90 days since his placement at Camp J and still he is washing his face with the same undershort (boxer) he is force to wear that same day. On about June 28, 2012, the date he was transferred to Camp J, Lt. Cannon contrary to prison policy, unsealed his (Jeanlouis) properly sealed lockbox box and removed

9/24/2012                                  6/8

all of Jeanlouis' personal effects, including all clothes and hygiene product and food, save his legal papers. At the present time all his legal papers are on the bare floor. Because he has no laundry bag to place his belongings in, if the toi toilet was to overflow, Jeanlouis' important legal papers, would be damage because of the water,

Inmates may request administrative remedies to situations arising from policies, conditions or events within the institution that affect them personally. A prisoner claiming he is entitled to immediate release because he was granted a Appical decision in his Favors, in which a sentence of custody/ quartee change to Camp J Management program is voided, would raise a question for disposition under the ARP system (CARP), because the DPSC has the power to release him to alternative housing, for instance, Working Cellblock or general population dormitory housing area. He could also raise his challenge by writ of habeas corpus under the criminal jurisdiction of the appropriate district court. See La C Cr P art 352; La R S 15:571, 15, City of Baton Rouge v Ross, 372 So2d 552 (La 1978)

9/24/2012                    7/8

This complaint is against the "appropriate Classification Review Officer" who his (Jeanlouis) case was reffer referred to, and any other person directly or indirectly responsible for placing him on the backlog-list, contrary to the DPSC policy.

## Relief Sought

Jeanlouis pray that he be immediately release from this status at Camp J upon the reading of this Complaint for the above reason. In the alternative, he pray that he be awarded 100 each day spend at Camp J upon the reading of this Complaint. Finally, Jeanlouis pray for any relief due him by law.

Sept 24, 2012      Respectfully Submitted
_____
DATE

Gregory Jeanlouis #121703
Camp J, Gate 7R3

9/24/2012                              Page 8 of 8

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

ARP NUMBER:  LSP - 2012 - **3049**

RE:  GREGORY JEANLOUIS    121703

LOCATION: _____

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST FOR REMEDY NUMBER LSP-2012-3049.

RECEIVED BY: _____
                        (INMATE'S NAME & NUMBER)

DATE RECEIVED: _____

DELIVERED BY: _____

==============================================================================

1.  Have the inmate sign this receipt.

2.  Delivery Officer signs the reciept and dates it.

3.  Give the Inmate the Manila Envelope and contents.

4.  Return the reciept to LEGAL PROGRAMS DEPARTMENT.