UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY J. JEANLOUIS (#121703)

VERSUS                                                CIVIL ACTION

JAMES LEBLANC, ET AL                                  NUMBER 12-694-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 12, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY J. JEANLOUIS (#121703)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 12-694-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiff's Motion to Voluntarily Dismiss Complaint and For Seeking Temporary Restraining Order. Record document number 17.

**I. Background**

Pro se plaintiff, Gregory J. Jeanlouis, an inmate confined at Louisiana State Penitentiary (hereafter "LSP") filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Dy. Wardens Darrel Vannoy, Bruce Dodd and Dupont, Asst. Wardens Kenneth Norris, Joe Lamartiniere, and Tim Delany, Col. Ray Vittorio, Maj. Daniel Davis, Capts. John Wells and Michael McMillian, Classification Officers Ken Williams and Platen Gooden, corrections officers James Griffin, Shuwanda Richardson, "Unknown" Woods, and Mike Thomas, Legal Programs Director Trish Foster, Drs. Jonathan Roundtree, Guy Williams and Jason Collins, Jane Doe nurse practitioner, Jane Doe EMT #3, "Unknown" Blade EMT #4, and John Doe EMT. In addition, the plaintiff named several defendants in the

body of the complaint who were not identified in the caption, and he struck a line through the names of two defendants identified in the caption but included claims against them in the body of the complaint.

Plaintiff's 130 page complaint is a rambling narrative of his fears, communications with prison officials and his daily activities at the prison dating back to at least June 2010. Plaintiff included the procedural history of his federal habeas corpus application filed in another district and the procedural history of several unrelated state court cases. Throughout the complaint, and seemingly randomly, the plaintiff commented on various criminal cases prosecuted against others and on various newspaper articles which have no apparent relationship to anything that might be considered as a claim in this case.

With regard to the discernable § 1983 claims raised against the prison officials, the plaintiff alleged that he was denied adequate medical treatment, he was issued false disciplinary reports, he was denied due process at disciplinary board hearings, and on two separate occasions he was subjected to an excessive use of force. Plaintiff also asserted vague claims of retaliation and conspiracy.

## II. Applicable law and Analysis

Although the plaintiff did not cite Rule 41, Fed.R.Civ.P., the rule provides that a "plaintiff may dismiss an action without a

2

court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i). The notice of dismissal is effective immediately. *Qureshi v. U.S.*, 600 F.3d 523, 526 (5th Cir. 2010). The notice closes the case, the district court is divested of jurisdiction over the case (except for consideration of collateral issues or exercising its supervisory powers, neither of which is applicable here), and not even a perfunctory order closing the case is needed. *Id.*, citing *Americn Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963).

For various reasons, the plaintiff moved to dismiss his complaint, including his request for a temporary restraining order.[1] There is no need for the court to discuss or comment on the plaintiff's reasons for moving to dismiss his complaint. Plaintiff's motion is functionally a Rule 41(a)(1)(A)(i) notice of dismissal, and since it was filed before the defendants served an answer or a motion for summary judgment it should be treated as such.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion to Voluntarily Dismiss Complaint and For Seeking Temporary Restraining Order be treated as a notice of voluntary

---

[1] Record document number 17, pp. 8-10, 14, 22-25, 27-29.

dismissal pursuant to Rule 41(a)(1)(A)(i), and the clerk of court be directed to close the case.

Baton Rouge, Louisiana, June 12, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE