UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY J. JEANLOUIS (#121703)  CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.  NO.: 12-00694-BAJ-SCR

## RULING AND ORDER

On June 12, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Gregory Jeanlouis's **Motion to Voluntarily Dismiss Complaint, and for Seeking Temporary Restraining Order (Doc. 17)** be treated as a notice of voluntary dismissal pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i), and the clerk of court be directed to close the case. (Doc. 19.)

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 19, at 1.) A review of the record indicates that Plaintiff filed a timely objection to the Magistrate Judge's Report and Recommendation on June 27, 2014.

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.[1]

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 19)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff Gregory Jeanlouis's **Motion to Voluntarily Dismiss Complaint, and for Seeking Temporary Restraining Order (Doc. 17)** shall be treated as a notice of voluntary dismissal pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i), and the motion is **GRANTED**.

---

[1] Plaintiff's objection does not seem to take issue with the Magistrate Judge's finding that Plaintiff voluntarily dismissed his complaint. Rather, Plaintiff asserts that, despite the voluntary dismissal finding, he should be entitled to a hearing on his motion for a temporary restraining order so that the Court can discuss the "collateral issues" of his complaint, namely, his Hepatitis C diagnosis and inadequate medical treatment for such. (Doc. 20, 12.) Plaintiff also asserts that the hearing should be held so that he may bring to the attention of the Court the "fraud-upon-the-court" by certain named Defendants and clerk's office employees. (*Id.* at 10.) Plaintiff suggests that this is partly the reason why he dismissed his complaint. (*Id.*) Finally, Plaintiff prays for a hearing on his request to be transferred to the downtown Lafayette Parish Correctional Center in Lafayette, Louisiana, so that he may receive treatment for Hepatitis C. (*Id.* at 21.)

Considering Plaintiff's motion, the Report and Recommendation, and Plaintiff's objection, the Court adopts the Magistrate Judge's finding that the voluntary motion to dismiss should be granted and the case closed. As stated above, Plaintiff's objection does not question the actual dismissal, and makes no arguments why it should not be granted. Thus, the Court concludes that Plaintiff's motion for dismissal was not in error or due to any improper inducement. Regarding Plaintiff's request for a hearing on a temporary restraining order, the Court finds that there is no basis to grant such a request, as Plaintiff has already moved to dismiss his case. In any event, Plaintiff has not alleged any unique facts or circumstances that would suggest he is in any threat of imminent danger that would require such a hearing. As such, his request is denied. Finally, to the extent that Plaintiff requests a transfer to another facility so that he can receive treatment, "Classification of inmates in Louisiana is a duty of the Louisiana Department of Corrections and an inmate has no right to a particular classification under state law." *Wilkerson v. Maggio*, 703 F.2d 909, 911 (5th Cir.1983). Thus, Plaintiff's request is not properly before this Court.

**IT IS FURTHER ORDERED** that to the extent Plaintiff seeks a temporary restraining order in connection with Doc. 17, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that the above captioned matter is **DISMISSED**, with prejudice.

Baton Rouge, Louisiana, this 28th day of July, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**